

**FILED**

JAN 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KIMBERLY BONNELL, individually and as Special Administrator to the Estate of Mary Hayducka; NELSON HAYDUCKA, individually,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CABO AZUL RESORT, a timeshare resort; PACIFIC MONARCH RESORT, INC., a registered foreign corporation in the State of Nevada, doing business in Nevada; RESORT, defendants,<br><br>Defendants - Appellees. | No. 08-17468<br><br>D.C. No. 2:08-cv-00910-PMP-LRL<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: BRIGHT,[**] HAWKINS, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9TH CIR. R. 36-3.

[**]     The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Appellants brought suit against defendant-appellee Pacific Monarch Resort, Inc. (PMRI) and others in Nevada state court for negligence based on premises liability and failure to warn. PMRI removed the case to federal court. On PMRI's motion, the district court dismissed the suit for lack of personal jurisdiction. Appellants challenge that dismissal. We vacate and remand.

This court reviews de novo a dismissal for lack of personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a trial court rules on personal jurisdiction without holding an evidentiary hearing, a plaintiff need only establish a prima facie showing of personal jurisdiction. *See id.*

There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state long-arm statute and constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). Nevada's long-arm statute reaches the limit of federal constitutional due process, and thus the only relevant inquiry is whether due process prohibits the exercise of jurisdiction over PMRI. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). Due process requires that a defendant have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Requiring PMRI to defend this suit in Nevada federal district court does not violate due process. PMRI has a presence in Nevada, is registered and conducts business in Nevada, and the timeshare purchase giving rise to this suit occurred in Nevada.

On the premises liability claim, the district court should have allowed discovery to determine PMRI's ownership relation to the Cabo Azul Resort. This issue relates to the merits and not jurisdiction. The failure to warn claim is not dependent on ownership and is sufficiently well pled to proceed. We therefore vacate the order dismissing appellants' suit for lack of personal jurisdiction over PMRI and remand for further proceedings.

**VACATED AND REMANDED**. Costs on appeal are awarded to appellants.